## HAWKE ET AL. v. MANNING.

AGENCY: TRUST. Facts considered which were held sufficient to establish an agency or trust.

*Appeal from Van Buren District Court.*

FRIDAY, OCTOBER 23.

THIS is an action in equity to establish a trust as against the defendant, and in favor of plaintiffs, and to enforce its performance. The facts are numerous, extended, and somewhat complicated. So far as necessary to the understanding of the real question at issue, they will be found stated in the opinion. The District Court established the trust, and rendered judgment in favor of plaintiffs, enforcing it, for twelve hundred dollars. Defendant appeals.

*J. C. Knapp*, for appellant.

*Trimble & Baldwin*, for appellees.

Cole, J.—In January, 1859, Robert Hawke delivered to defendant five several notes held by him on several persons, to be collected by defendant and held as collateral security for the payment of two notes upon other persons, which two notes the said Hawke had sold to defendant. Afterwards, and in August, 1859, the said Robert Hawke died, and the plaintiffs have become entitled to his estate, as his personal representatives and devisees. In February, 1861, defendants put into the hands of Trimble & Baldwin, attorneys, for collection, one of said notes so left as collateral. In July, 1861, Baldwin was, by the then representatives of said Hawke, and by a power of attorney, in writing, made their general agent and attorney, for the transaction of all business connected with the estate. In March, 1862, judgment was recovered upon the note so sued, and on June 30, 1862, property was sold on execution thereunder for $1,059.35. Defendant retained the amount due him from said estate, and also the further sum of $100, as collateral for one note then yet uncollected, and on the same day of the sale paid over the balance to Baldwin, $660.20, as the agent and attorney for said representatives. The note on which the $100 was reserved as collateral was afterwards paid.

Prior to this, and in July, 1860, defendant had placed in the hands of Baldwin three of the other notes, called the Taylor & Widner notes, so left with him as collateral and for collection. Baldwin had obtained judgment thereon, March 5, 1862, for $487.50, in the name of Manning, this defendant. In December, 1863, Baldwin having issued execution on that judgment, property was sold under it, to-wit: a house and lot in Birmingham, and this defendant became the purchaser at such execution sale, at the bid and price of one hundred dollars, of which sum he only paid $34.15, that being the amount of the costs in the case. The title to the house and lot was in controversy, and a suit was brought by Baldwin, as attorney for Manning, against the adverse claimants to quiet the title in Manning. This action was prosecuted for two years or more when Manning compromised it, receiving $800 for his interest in the house and lot.

It is to establish a trust in Manning for plaintiffs, respecting this property that this action is brought; and to compel him to pay over to plaintiffs the amount received on the compromise. If there were no other facts in the case than that Manning received the several notes " to collect and to hold as collateral for the payment " of debts due him, and, having paid himself out of the collaterals, he then proceeded to collect the balance of the collaterals in his own name and right, we might have no difficulty in holding him certainly for the amount of such excess of collaterals, and possibly as trustee for all he had realized out of them. But here the attorney, Baldwin, with whom he placed said collaterals for collection, became the general agent and attorney for those entitled to the reversion or residue of the collaterals; and after the defendant was fully paid, said Baldwin continued to manage the proceedings connected with the collaterals, without interference from Man-

ning, as he had a right to do. The action on the collaterals had been properly brought in Manning's name, but after he was paid, he had no right to control it, and did not. We find as a fact that Baldwin was the agent and attorney for the plaintiffs, or those entitled to the residue of the collaterals, and that he did control the proceedings on them, as such. The mere fact that Manning was nominal plaintiff, would not make him a trustee. Baldwin was living neighbor to defendant, and never demanded or received fees from him, or consulted him about them, after Manning's claims were paid.

As to the Strong note, it was never collected, As to the Henderson note, Manning testifies that it was returned, and there is no evidence contradicting him. The Boon note was fully settled for, and the balance due plaintiffs paid over to their agent and attorney in fact, Baldwin. As to the Taylor & Widner notes, they or the judgment upon them became plaintiffs' as soon as Manning's claims were satisfied, and their agent and attorney was in possession of them. Manning was not in possession; he held simply the naked legal title, while plaintiffs held the equitable right and title, and their agent the actual possession and control.

Manning is properly chargeable with one hundred dollars retained as collateral out of the proceeds of the Boon note, and interest thereon from June 30, 1862; and also with sixty-five dollars and ninety-five cents, balance of bid at the sale, and interest thereon from December 30, 1863. Plaintiffs may have a judgment therefor in this court, or the cause will be remanded for that purpose, and the judgment of the District Court will be

REVERSED.

## ON REHEARING.

BECK, J.—A petition for re-hearing was filed by the appellee, and subsequently upon an order of this court, a reply thereto was submitted by the other party. Upon this re-argument the cause has again been considered. We have given the abstract and original arguments, as well as the arguments upon the re-hearing, careful and patient study upon this new submission, and are constrained to adhere to the conclusions reached in our former opinion. The case really demands no farther discussion. There is no dispute as to the law, and but little as to the facts. The difference between counsel results from diverse conclusions drawn from the facts proved. The evidence irresistibly drives us to the conclusion that, at the time of the issuing of the execution upon the Taylor & Widner judgment, and of the sale of the property and its purchase by defendant, he had no control of the proceedings, and was not chargeable as an agent or trustee of Hawke. Baldwin was such agent at that time, and, if defendant had ever been charged with trust duties, he had been relieved by this more recently appointed agent. This being the case, defendant was at liberty to purchase and hold the property without any liability to plaintiff on account of relations of confidence or trust existing between them. This conclusion is the key of the case, and other or collateral points need not be considered. We reach it through the direct testimony, as well as the circumstances developed in the evidence. We deem it unnecessary to enter upon a discussion of the evi-

dence. The re-argument has developed no new views upon the facts, or arguments that have not been before considered. We adhere to the conclusions announced in our first opinion.

REVERSED.